Hon. Howard E. Pachman County Attorney, Hauppauge
This is in reply to your letter of August 16, 1979, requesting an opinion as to whether Suffolk County or its Department of Public Works may take possession, pursuant to the Eminent Domain Procedure Law (EDPL), Section 404, of private property prior to the vesting of title for the purpose of constructing a road on property to be condemned at a later date.
It is my opinion that neither the County nor its Department of Public Works, nor indeed any entity subject to real property acquisition claims under EDPL, Section 501, subd. (B), may take possession of the property under the circumstances indicated.
EDPL, Section 404, states that the condemnor, its officers, agents or contractors when acquiring real property in accordance with such law, or when engaged in work connected with a proposed public project, shall have the right to enter upon any real property for the purpose of making surveys, test pits and borings, or other investigations, and also for temporary occupancy during construction.
Section 404, it is apparent, contemplates entry on private property for the limited purposes stated above in either of two instances.
The first involves ingress by a condemnor, its officers etc. during the process of acquisition under the EDPL. Since the property to which you refer is to be condemned "at a later date," no entry of any kind even for the limited purposes stated in Section 404 is permissible.
The second instance refers to a situation where the condemnor is engaged in work connected with a proposed public project. Here again the entry is confined to the limited purposes set forth above, and does not extend to a road-construction project such as is contemplated by the County of Suffolk.
Under certain circumstances the condemnor may indeed be permitted by the Supreme Court pursuant to Section 402, subd. B, par. (6) of the EDPL "to enter immediately upon the real property to be taken, and devote it temporarily to the public use specified in the petition." However, initiation of the condemnation proceeding, including presentation of a verified petition therein, is a condition precedent to such permission by the court and entry thereafter. Your statement that the property is to be condemned "at a later date" apparently eliminates employment of this section.
I am therefore of the opinion that assumption of possession in this instance is not authorized.